The PEOPLE of the State of Colorado, Complainant,

v.

Catharyn Ann BAIRD, Attorney–Respondent.

No. 88SA209.

Supreme Court of Colorado, En Banc.

April 24, 1989.

Susan L. Fralick, Deputy Disciplinary Counsel, Denver, for complainant.

Catharyn Ann Baird, Aurora, attorney-respondent, pro se.

MULLARKEY, Justice.

Catharyn Ann Baird, you appear before this court to receive a public censure for your professional misconduct. The Supreme Court Grievance Committee found that you engaged in professional miscon-duct. It recommended that you be sus-pended from the practice of law for a peri-od of thirty days but that such suspension be stayed in favor of a public censure on the condition that you make restitution in the amount of $2,500. It also recom-mended the imposition of costs. Although we accept the Grievance Committee's find-ings of professional misconduct and its rec-ommendation that costs be assessed against you, we reject the proposed disci-pline. We publicly censure you and order that you make restitution in the amount of $2,500 plus interest within six months of the date of this order.

I.

You are subject to the jurisdiction of this court and its Grievance Committee because you were admitted to practice before the Bar of this court in 1976. The misconduct found by the Grievance Committee oc-curred over a one-year period in 1985 and 1986 during your representation of Dawn M. McGee. You stipulated to the underly-ing facts which we will summarize briefly. You filed an action on behalf of McGee against her former husband in which McGee sought to obtain legal custody of, and child support for, the couple's only child. You reached an oral agreement with the opposing counsel that the former hus-band would stipulate to the change of cus-tody and would agree to pay $250 per month in child support beginning in Janu-ary 1986. Although you agreed to prepare the written agreement which would incor-porate the oral settlement, you failed to do so. From January to October 1986 you avoided your client and the opposing coun-sel and misled both of them regarding your failure to draft the written agreement. Fi-nally, the opposing counsel moved to dis-miss the case for failure to prosecute and the case was dismissed in October 1986. Although McGee obtained new counsel who filed pleadings to reinstate the case, the reinstatement issue was unresolved as of the time of the Grievance Committee's find-ings. McGee received no child support be-tween January and October 1986 and the

father continued to have legal custody even though the child resided with McGee.

You admitted, and the Grievance Committee found, that your conduct violated C.R.C.P. 241.6 concerning discipline of attorneys and the following provisions of the Code of Professional Responsibility: DR 1–102(A)(1) (violation of a disciplinary rule); DR 6–101(A)(3) (neglect of a legal matter); DR 7–101(A)(1) (failure to seek client's lawful objectives); DR 7–101(A)(2) (failure to carry out a contract of employment); and DR 7–101(A)(3) (causing prejudice or damage to client). We accept these findings.

## II.

In considering the discipline to be imposed, we are guided by the ABA Standards for Imposing Lawyer Sanctions (1986) which require consideration of the ethical duty violated, the lawyer's mental state, the injury caused by the lawyer and the presence of aggravating or mitigating factors. *Id.* at 5. Under section 4.42(a) of the Standards, suspension is generally appropriate when an attorney fails to perform services for a client and causes injury to the client. In this case, we find that a public censure is appropriate because strong mitigating factors are present.

We note that you received no compensation for your representation of McGee. Apparently you were motivated to represent McGee by a sincere desire to help persons embroiled in domestic disputes. In your attempt to find a perfect solution to McGee's case, however, you wrongfully procrastinated, became "frozen" by indecision, and did not take appropriate action to conclude the matter. The Grievance Committee found that you acted without a dishonest or selfish motive which is considered a mitigating factor under section 9.32(b). You were being treated for psychological depression at the time of your misconduct and although your depression was not the cause of your misconduct, it constitutes a personal or emotional problem which is a mitigating factor under section 9.32(c).

Further evidence of mitigation is your cooperation with the Grievance Committee and the fact that you did not deny your misconduct. *See* section 9.32(e). The committee found that you are a person of good character and you have made good faith efforts at interim rehabilitation. You have obtained professional counseling and restructured your practice to avoid the emotionally charged area of domestic relations which you are incapable of handling in a professional manner. *See* section 9.32(g) and (j). The committee also found that you had exhibited genuine remorse and willingness to rectify the harm which you have caused to your client. *See* section 9.32(d).

Two aggravating factors are present here. One is the vulnerability of the injured person. *See* section 9.22(h). Your misconduct directly and adversely affected a child. McGee sought child support, at least in part, so that she could obtain counseling for her child who has emotional problems. Because of your misconduct, your client's ability to provide for her child's physical and emotional needs was impaired. We also acknowledge that you received a private censure on October 1, 1987, for inappropriate conduct regarding use of your trust account. *See* section 9.22(a). This is unrelated misconduct which also occurred when you were being treated for depression. We agree with the Grievance Committee that the mitigating factors substantially outweigh the aggravating factors.

Accordingly, we find that a public censure is the appropriate sanction. Because McGee received no child support for the ten month period while you failed to draft the written agreement, restitution in the amount of $250 per month, or $2,500 in total, is also appropriate.

## III.

Catharyn Ann Baird, you are hereby publicly censured by this court for your professional misconduct. This public censure will remain on file with this court for further consideration if you again violate the Code of Professional Responsibility. You are or-

dered to pay the costs of these proceedings in the amount of $349.84 by tendering that sum within sixty days of this date to the Colorado Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Denver, Colorado 80202. You also are ordered to make restitution in the amount of $2,500 plus interest to Dawn M. McGee within six months of the date of this order.